**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

CHARLES WADE, III,

              Plaintiff,

              v.

Sheriff DAVID LAIN, Individually and in His
Official Capacity as Porter County Sheriff; Warden
JOHN J. WIDUP, Individually and in His Official
Capacity as Warden of the Porter County Jail;
Sergeant DAVID CAVANAUGH, in his Individual
and Official Capacity; Medical Director KIM
HOUSE, Individually in Her Capacity as Medical
Director of the Porter County Jail; JOHN DOE
Correctional Officers and Supervisor, in Their
Individual and Official Capacities; JOHN or JANE
DOE Medical Staff of the Porter County Jail, in
Their Individual Capacities,

              Defendants.

Case No. 2:11-CV-454 JVB

## OPINION AND ORDER

Plaintiff, Charles Wade III, sued Defendants, who were employed in various capacities at

the Porter County Jail. Plaintiff alleges medical treatment was withheld, improper mail

procedures were employed, and he was denied access to visitors while an inmate at Porter

County Jail. Plaintiff is seeking monetary damages for violations of his Fourteenth Amendment

rights. Plaintiff maintains he filed numerous written grievances while incarcerated relating to

health issues, dental issues, and inmate privileges that were not adequately addressed by

Defendants. Plaintiff further maintains that the grievance appeal process was unavailable to him

because Defendants failed to inform him of the process.

Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure

12(b)(6), and, in the alternative, for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c).[1]

Defendants' motion introduces materials outside the pleadings: affidavits of jail officials, jail standard operating procedures, and copies of Plaintiff's written grievances. With his Response, Plaintiff submits his own evidence and treats Defendants' motion as a motion for summary judgment. The Court will do likewise.

There is a preliminary matter the Court needs to address. With their Reply, Defendants introduced evidence not submitted with their original motion: a video that is shown to newly admitted inmates, an Inmate Guide distributed to newly admitted inmates, an affidavit of a jail official, and an acknowledgement form signed by Plaintiff. Plaintiff moved to strike the new evidentiary exhibits. While Plaintiff may be correct that the exhibits should have been submitted with the original motion, they do not harm Plaintiff's claims; in fact, they tend to support them. Accordingly, the Court denies Plaintiff's motion.

## A.     Legal Standards

### (1) *Summary Judgment*

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1] Arguing for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and summary judgment in the alternative is permitted "if adequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (quoting *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150*, 433 F.3d 1024, 1029 (7th Cir. 2006)).

248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Rule 56(c) further requires the entry of summary judgment after adequate time for discovery against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To successfully oppose the motion, the non-movant must present "definite, competent evidence in rebuttal." *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50.

**(2)** *Prisoner Litigation Reform Act*

The Prisoner Litigation Reform Act requires that prisoners exhaust available administrative remedies before they bring their grievances to the court. 42 USCS § 1997e(a). "One of the primary purposes of the Prisoner Litigation Reform Act is to enable prison officials to resolve complaints internally and to limit judicial intervention in the management of state and federal prisons." *McCoy v. Gilbert*, 270 F.3d 503, 509 (7th Cir. 2001).

The Supreme Court has found the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 531 (2002). Additionally, the exhausting of remedies is required even if the inmate feels the administrative process is futile or will not provide the type of relief sought. *See, e.g., Booth v. Churner*, 532 U.S. 731, 740 (2001); and *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). Finally, the failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 84, 809 (7th Cir. 2006).

Prison administrators are responsible for making inmates aware of the grievance process before they may employ the PLRA as a defense. Correction officials may offer reasonable notice by simply providing inmates with an informational handbook outlining the grievance procedure. *Russell v. Unknown Cook Cnty. Sheriff's Officer*, 2004 U.S. Dist. LEXIS 25882, at *10 (N.D. Ill. Dec. 22, 2004) (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 999 (6th Cir. 2004) (rejecting inmate's lack of notice claim where grievance policy was set forth in handbook provided to inmates at intake; and where inmate did not allege that he never received handbook or that prison officials denied him access to it.)). Lacking awareness of a grievance procedure, so long as no fault can be attributed to the inmate, excuses an inmate's failure to exhaust administrative

remedies: "an institution cannot keep inmates in ignorance of [a] grievance procedure and then fault them for not using it. A grievance procedure that is not made known to inmates is not an available administrative remedy." *Hall v. Sheahan*, 2001 U.S. Dist. LEXIS 1194, at *2 (N.D. Ill. Feb. 2, 2001) (internal citation omitted).

Defendant prison officials bear the burden of establishing that administrative remedies were available to the prisoner. *See Kaba v. Stepp,* 458 F.3d 678, 686 (7th Cir. 2006). "To be entitled to judgment on grounds of non-exhaustion, defendants would need to establish that the grievance procedure was posted in such a manner that [plaintiff] could reasonably be expected to see it, or that Jail employees explained the procedure to him." *Hall v. Sheahan*, 2001 U.S. Dist. LEXIS 1194, at *2 (N.D. Ill. Feb. 2, 2001).

The distinction between available and unavailable administrative remedies is critical in a court's analysis of the exhaustion requirement. For example, a prison employee who prevents access to a remedy can render that remedy unavailable; in such circumstances, a failure to exhaust would not bar filing suit. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Additionally, a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Roy v. Dominguez*, 2010 U.S. Dist. LEXIS 38253, at *10-11 (N.D. Ind. Apr. 16, 2010) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). If an inmate fails to exhaust available administrative remedies, and it is too late to go back and utilize an administrative remedy due to a lapse of time, dismissal of an inmate's claims are with prejudice. *Stevenson v. Dart*, 2012 U.S. Dist. LEXIS 39226, at *15 (N.D. Ill. Mar. 22, 2012). However, if the judge determines all administrative remedies have been exhausted, the case will proceed to pretrial discovery, and if necessary a trial on the merits. *Id*.

A *Pavey* evidentiary hearing is the Seventh Circuit's method for resolving a dispute between inmates and prison officials regarding the exhaustion of remedies. When exhaustion is contested, the district court orders discovery solely on the matter of exhaustion. *Pavey v. Conley*, 544 F.3d at 742. Following discovery, a *Pavey* hearing determines if an inmate has failed to exhaust all available administrative remedies and prevents an unnecessary trial if an inmate has failed to exhaust available remedies.

**B.     Background**

Plaintiff alleges that while incarcerated in the Porter County Jail he became gravely ill. He was vomiting blood for over three weeks and was subsequently diagnosed with tuberculosis. (DE 12, Compl. ¶ 16-17.) Plaintiff claims that during this time period, from November 1, 2010, to November 24, 2010, he was denied medical care and lost over thirty pounds due to his illness. (*Id.* at ¶ 18.) Plaintiff also contends that Defendants failed to employ proper mail handling procedures and unlawfully denied him access to visitors. (*Id.* at ¶¶ 40-41; 46-48.)

Defendants maintain the Porter County Jail has a grievance process that "provides procedures and . . . an administrative forum to deal with inmate grievances in a fair, timely, and effective way." (DE 22-2, Defs.' Ex. B at 1.) This standard operating procedure allows inmates to alert jail administrators to grievances involving jail policies, living conditions, health care, and inmate services. (*Id.* at 2.) Inmates may file an appeal if they are not satisfied with a response to a written grievance. (*Id.* at 7.) Defendants do not claim to have provided Plaintiff with a copy of the standard operating procedure.

Sergeant Cavanaugh, an employee of the Porter County Jail,  informed Plaintiff how to file a formal written grievance, but the materials used did not address the grievance appeal

process. Inmates are provided the Porter County Jail Inmate Guide when admitted to the jail. (DE 34-1, Defs.' Ex. A at ¶¶ 4–6.) The Inmate Guide explains how to file a formal written grievance. (DE 34-2, Defs.' Reply, Ex. B at 4.) Defendants also showed Plaintiff the Porter County Jail orientation video during his in-processing. (DE 34-1, Defs.' Ex. A at ¶ 7.) Neither the orientation video nor the Inmate Guide mention or explain how to appeal an unfavorable response to a grievance.

Plaintiff was aware of the initial step of the grievance process as evidenced by the nine formal grievances he filed. Plaintiff signed an acknowledgement form attesting that he understood the Inmate Guide and orientation video, which adequately explained the initial written grievance procedure. (DE 34, Defs.' Reply, Ex. A, B and C.) However, the Inmate Guide, orientation video, and affidavits provided by Defendants do not address how an inmate is informed of his ability to appeal an unfavorable response to an initial written grievance. Plaintiff's affidavit maintains that he was not given the grievance standard operating procedure or made aware of the grievance appeal process. (DE 30-1, Pl.'s Aff. at 1-2.)

Plaintiff filed nine written grievances between November 17, 2010, and March 7, 2012. (DE 22, Mot. To Dismiss at 5-7.) Two of these grievances correspond to Plaintiff's § 1983 complaint. One was a grievance filed November 17, 2010, where Plaintiff complained of a significant stomach ailment. (*Id.* at 5.)  The second was a grievance filed November 19, 2010, where Plaintiff requested assistance with his medical issues. (*Id.*) None of Plaintiff's written grievances dealt with mail procedures or a denial of access to visitors. Jail administrators responded to all of Plaintiff's written grievances as required by the standard operating procedure. (*Id.)* The responses to the medical grievances were "to see MD" and "Doctors List." (DE 22,

Mot. To Dismiss, Ex. D at 1–2.) Plaintiff claimed to have continuing medical issues after these initial written grievances, but did not file a grievance appeal to this response. (*Id.* at 7.)

### C.     Discussion

Plaintiff alleges that Defendants failed to provide adequate medical care, did not follow proper mail procedures, and improperly denied him access to visitors. Plaintiff maintains that he exhausted all available administrative remedies and Defendants' conduct entitles him to monetary damages. Defendants maintain Plaintiff was aware of the entire grievance process, failed to exhaust available administrative remedies, and is barred by the PLRA from bringing suit in federal court under 42 U.S.C. § 1983. The main issue the Court must address is if Plaintiff's lack of awareness of the grievance appeals process makes that remedy unavailable.

A *Pavey* hearing is unnecessary in this case because there are no disputed issues of fact which would require further inquiry. Defendant may not employ PLRA as a defense regarding Plaintiff's medical claims. Plaintiff attested in his affidavit that he was not informed that he could appeal an unfavorable response to a grievance and the in-processing materials do not address the grievance appeals process. Although the Court of Appeals for the Seventh Circuit has not articulated a standard, district courts routinely find that an inmate must be aware of or must have been informed of the grievance process if the PLRA is employed as a defense. An institution may not keep inmates unaware of a grievance procedure and then fault them for not using it. *Arreola v. Choudry,* 2004 U.S. Dist. LEXIS 6917, at *8 (N.D. Ill Apr. 22, 2004).  If

administrative remedies are "made unavailable by the actions of prison officials, the prisoner may file suit without pursuing those unavailable remedies to conclusion." *Id.* at 2–3.

Defendants' argument to the contrary is unpersuasive. Defendants rely on two cases. In *Twitty v. McCloskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007) (unpublished), the inmate plaintiff also sued jail administrators for the denial of medical treatment. In an unpublished opinion the Court of Appeals affirmed the district court's ruling that an inmate's lack of awareness of a grievance process does not excuse non-compliance. *Id.* However, *Twitty* can be distinguished from the present case. In *Twitty* the jail had no formal notice of plaintiff's complaints. *Id.* Additionally, the plaintiff in *Twitty* did not contest the availability of administrative remedies; he only claimed he was unaware of them. *Id.*

Defendants, to a lesser extent, also rely on *Stevenson v. Dart*, 2012 U.S. Dist. LEXIS 39226 (N.D. Ill. Mar. 22, 2012). In *Stevenson* the plaintiff also contended he was unaware of the grievance appeals process after filing an initial written grievance but the district court ruled he had not exhausted available administrative remedies. *Id.* at 12–13, 17. *Stevenson* is also distinguishable. The plaintiff in *Stevenson* was aware of the appeals process because directly underneath his signature on the initial grievance form was the language, "APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE." *Id.* at 13. No similar notice of appeal was provided to Plaintiff in this case.

Plaintiff has exhausted available administrative remedies regarding his claim for denial of medical care. Defendants concede that Plaintiff filed a written grievance regarding his health care on November 17, 2010. (DE 22, Mot. To Dismiss at 5–7.) Though Plaintiff knew how to file an initial grievance, there is no evidence he knew, or should have known, of the grievance appeal process. Accordingly, Defendants may not invoke the PLRA as a defense to this claim.

However, Plaintiff did not exhaust available administrative remedies regarding Defendants alleged improper mail procedures and unlawful denial of visitor access. Plaintiff's nine written grievances prove he understood that a written grievance was an available administrative remedy. None of Plaintiff's grievances address mail procedures or visitor access. As stated previously, a "prisoner must complete the administrative remedy procedure before suit is filed." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). By foregoing the written grievance process Plaintiff has failed to exhaust available administrative remedies as required by the PLRA.

**D. Conclusion**

The Court finds that Plaintiff has exhausted all available remedies in the grievance process regarding his health related concerns and may proceed with those claims in this Court. However, Plaintiff has failed to exhaust available remedies regarding alleged improper mail procedures and unlawful denial of visitor access. Those claims must be dismissed.

Accordingly, the Court grants in part and denies in part Defendants' motion to dismiss Counts I, II, and III of the Amended Complaint (DE 21). In particular, the Court ---

- DENIES Defendants' motion regarding Count I;

- GRANTS Defendants' motion regarding Counts II and III.

Additionally, the Court denies Plaintiff's motion to strike (DE 36).

SO ORDERED on July 24, 2012.

  S/ Joseph S. Van Bokkelen

JOSEPH S. VAN BOKKELEN

UNITED STATES DISTRICT JUDGE