UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES WADE, III, <br><br> Plaintiff, <br><br> v. <br><br> Sheriff DAVID LAIN, Individually and in His Official Capacity as Porter County Sheriff; Warden JOHN J. WIDUP, Individually and in His Official Capacity as Warden of the Porter County Jail; Sergeant DAVID CAVANAUGH, in his Individual and Official Capacity; Medical Director KIM HOUSE, Individually in Her Capacity as Medical Director of the Porter County Jail; JOHN DOE Correctional Officers and Supervisor, in Their Individual and Official Capacities; JOHN or JANE DOE Medical Staff of the Porter County Jail, in Their Individual Capacities, <br><br> Defendant. | Case No. 2:11-CV-454-JVB |

**OPINION AND ORDER**

This matter is before the Court on Defendant Sheriff Lain's motion for reconsideration. For the following reasons, the motion is DENIED.

**I. Motion to Reconsider**

**A. Background**

Plaintiff Charles Wade, III, was held at the Porter County Jail as a pretrial detainee from 2010 to 2013. He subsequently brought suit against Defendant Kim House, who was an employee of a private medical contractor, and also against numerous Porter County employees (the "Porter County Defendants"). He sued these defendants on various grounds,

of which three survived to the summary judgment stage: negligence, intentional infliction of emotional distress (IIED), and inadequate medical care in violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983. Plaintiff's § 1983 claims included a claim against Sheriff Lain in his official capacity. "[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Such a claim requires showing a pattern or practice of constitutional violations. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).

After discovery, Defendant House and the Porter County Defendants each moved for summary judgment, arguing that the undisputed evidence showed that none of them engaged in conduct toward Plaintiff that reached the threshold for negligence, IIED, or a violation of the Fourteenth Amendment. The Porter County Defendants further argued that the Indiana Tort Claims Act granted them immunity from Plaintiff's state-law tort claims. The Porter County Defendants additionally argued that a reasonable jury could not find a policy of inadequate medical care by the Porter County Sheriff's Department (the "Department") that would support municipal liability.

This Court granted Defendant House's motion in its entirety, and also granted summary judgment for the Porter County Defendants in their personal capacities and on all state-law claims. The Court however denied summary judgment on Plaintiff's *Monell* claim against Sheriff Lain in his official capacity, to the extent the claim related to a failure to properly screen prisoners for tuberculosis at the Porter County Jail. Sheriff Lain now moves the Court to reconsider the denial of summary judgment on that remaining count.

**B. Legal Standard**

Motions to reconsider a summary judgment ruling are brought under Federal Rule of Civil Procedure 54(b), which permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (citations omitted). Accordingly, motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269–70.

In his motion to reconsider, Sheriff Lain does not present any new law or fact that would compel the Court to reconsider its decision, and does not show that the Court has patently misunderstood his arguments. Accordingly, the motion will be denied.

**C. Analysis**

**(1) *Glisson* is distinguishable as involving a policy that affected only one prisoner**

Sheriff Lain calls the Court's attention to the recent ruling in *Glisson v. Indiana Dep't of Corr.*, 813 F.3d 662 (7th Cir. 2016). In *Glisson*, the plaintiff's claim rested on a prison's failure to provide the appropriate care, under a state-mandated policy, for a specific

prisoner's serious but unusual condition. *Id.* at 666.Thus, the plaintiff had to show a widespread practice of failing to treat that particular condition properly. *Id*. As a result, the plaintiff's claim failed, because she had no evidence that any other prisoner was affected by the prison's failure to adopt and follow that state-mandated policy. *Id.*

*Glisson* is readily distinguishable from this case. In *Glisson* the risk was unique to the plaintiff. In contrast, here the Department's alleged failure to conduct intake screenings created a risk that a jury could find affected the entire inmate population. Plaintiff will need to actually convince the jury, *inter alia*, that there was a widespread practice of failure to screen. But as this court has determined, Plaintiff has provided evidence that could support such a finding. Accordingly, there is no basis for reconsideration on this point.

**2) The *Harris* "moving force" requirement is met, because the alleged constitutional injury inheres directly in the failure to screen**

Sheriff Lain cites *City of Canton v. Harris* for the proposition that the municipal policy on which a *Monell* claim is predicated must be the moving force behind the violation for which a plaintiff sues. 489 U.S. 378, 389 (1989). But on careful reading, *Harris* doesn't require that a policy or practice be the moving force behind a plaintiff's physical injury. Rather, *Harris* requires only that the policy be the moving force behind "the constitutional violation." *Id.* Here, the alleged constitutional violation—deliberate indifference to serious bodily harm—inheres directly in the alleged failure to conduct tuberculosis screening. Thus, the *Harris* moving force requirement is met. Accordingly, there is also no basis for reconsideration on this point.

**3) Actual knowledge is not required in a claim for municipal liability under *Monell***

Sheriff Lain cites *Minix v. Canarecci* for the proposition that deliberate indifference cannot be established by showing only that a supervisor "should have been aware" of a constitutional violation. 597 F.3d 824, 831 (7th Cir. 2010). Sheriff Lain argues that because Plaintiff has not shown that Sheriff Lain personally knew of any deficiencies of the medical care that Plaintiff specifically received, there is no basis on which a jury could find supervisory liability on Plaintiff's Fourteenth Amendment claim.

But *Minix* involved a claim against a jail administrator in his personal capacity. *Id.* The suit required personal knowledge because it sought to establish personal liability. Here, in contrast, all that remains before the Court is Plaintiff's claim against Sheriff Lain in his official capacity. In official-capacity suits, if a constitutional problem is sufficiently "obvious," constructive knowledge can be sufficient. *Harris*, 489 U.S. at 390. Thus, the *Minix* requirement of actual knowledge does not apply. Accordingly, there is also no basis for reconsideration on this point.

**(4) Sheriff Lain's remaining arguments are improper for a motion to reconsider**

Sheriff Lain's remaining arguments seek to rehash issues already addressed in the summary judgment briefing. Specifically, the Sheriff argues that: (1) Plaintiff failed to show deliberate indifference (DE 140 at 8), (2) Plaintiff failed to show a causal link between the alleged deliberate indifference and the alleged injury (DE 140 at 8), and (3) Plaintiff failed to present any evidence that he actually contracted tuberculosis at the Porter County Jail (DE 140 at 17). But each of these has already been addressed by the parties in the briefing, and by this Court at length in its Order (DE 130). The Sheriff argues vigorously that the Court decided wrongly, but does not try to show that the Court misunderstood the arguments before it. Nor does the Sheriff try to show that the Court failed to address some crucial point of fact

or law. Rather, the Sheriff's arguments in substance simply repeat the arguments raised in the summary judgment briefing.

As reviewed above, such rehashing is inappropriate for a motion to reconsider. Accordingly, reconsideration must be denied on these points as well.

**E. Conclusion**

For the reasons above, Sheriff Lain's motion for reconsideration is DENIED.

SO ORDERED on May 19, 2016.

S/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN<br>
UNITED STATES DISTRICT JUDGE